# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**GREGORY CAVELLI,**
**Claimant Below, Petitioner**

**FILED**
**June 15, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 23-ICA-77**        (JCN: 2020026103)

**AUTOZONE,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Gregory Cavelli appeals the January 30, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent AutoZone filed a timely response.[1] Mr. Cavelli did not file a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which denied Mr. Cavelli's request to add cervical disc disorder with radiculopathy as a compensable component of the claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Cavelli suffered a workplace injury to his left side, back, and both arms when he was replacing a battery on a vehicle on June 12, 2020, while employed as a commercial sales manager by AutoZone. Mr. Cavelli reported that he was lifting a battery into a truck when he noticed pain in his lower back that radiated down to his left leg.

On June 24, 2020, Mr. Cavelli was seen by Peter Wentzel, M.D. Mr. Cavelli reported that he suffered a back injury while lifting a battery into a truck. Dr. Wentzel noted that Mr. Cavelli's past medical history included complaints of lower back pain.[2] Dr. Wentzel diagnosed Mr. Cavelli with a thoracic sprain, lumbar strain, and bilateral carpal

---

[1] Mr. Cavelli is represented by J. Thomas Greene, Jr., Esq., and T. Colin Greene, Esq. AutoZone is represented by Jeffrey B. Brannon, Esq.

[2] Mr. Cavelli's medical history includes complaints of periodic back pain, hip pain, and leg pain and numbness beginning in 2017. Mr. Cavelli received treatment for degenerative disc disease and disc herniation in his lumbar spine in 2017.

1

tunnel syndrome. Mr. Cavelli was referred for an EMG and nerve conduction study of his upper extremities.

Mr. Cavelli underwent a CT of his cervical spine on June 15, 2021, which revealed a calcified disc herniation at C7-T1, resulting in severe left C7-T1 neural foraminal stenosis. On August 5, 2021, Mr. Cavelli was seen by Richard Douglas, M.D., and Lauren Statler, APRN, NP-C. Mr. Cavelli reported that he suffered immediate cervical pain radiating to his left upper extremity and weakness in his left hand following his workplace injury. Dr. Douglas opined that Mr. Cavelli reached his maximum medical improvement for his compensable injury and no surgical intervention was recommended.

On August 18, 2021, Mr. Cavelli was seen by Victoria Langa, M.D., for an independent medical examination. Mr. Cavelli reported that he experienced lower back pain radiating into the left lower extremity and shoulder pain radiating into the left upper extremity following his workplace injury. Dr. Langa opined that Mr. Cavelli suffered a lumbar strain/sprain type injury as a result of his compensable injury, and his symptoms related to the compensable injury had resolved, resulting in no permanent impairment.

Dr. Wentzel requested that degenerative disc disease and cervical disc disorder with radiculopathy be added as compensable components of Mr. Cavelli's claim on December 20, 2021. On April 22, 2022, the claim administrator denied the request to add degenerative disc disease and cervical disc disorder with radiculopathy as compensable components of the claim, finding that the requested diagnoses were not associated with the compensable injury. Mr. Cavelli protested this order.

On January 30, 2023, the Board issued an order affirming the claim administrator's order which denied the request to add degenerative disc disease and cervical disc disorder with radiculopathy as compensable components of the claim. The Board found that Mr. Cavelli failed to establish that the requested diagnoses are causally related to his compensable work injury. Mr. Cavelli now appeals the Board's order.[3]

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:

---

[3] Mr. Cavelli is not appealing the denial of his request to add degenerative disc disease as a compensable component of the claim.

2

(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, __, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Mr. Cavelli argues that he is entitled to the presumption in *Moore v. ICG Tygart Valley, LLC*, 247 W. Va. 292, 879 S.E. 2d 779 (2022), and that, per *Moore*, his cervical disc disease with radiculopathy should have been added to the claim. Mr. Cavelli further argues that two of his treating physicians, Drs. Wentzel and Douglas, found that his cervical disc disease was related to his compensable injury and the opinions of those physicians should be given more weight. We disagree.

In *Moore*, the Supreme Court of Appeals of West Virginia held that:

A claimant's disability will be presumed to have resulted from the compensable injury if: (1) before the injury, the claimant's preexisting disease or condition was asymptomatic, and (2) following the injury, the symptoms of the disabling disease or condition appeared and continuously manifested themselves afterwards. There still must be sufficient medical evidence to show a causal relationship between the compensable injury and the disability, or the nature of the accident, combined with the other facts of the case, raises a natural inference of causation. This presumption is not conclusive; it may be rebutted by the employer.

*Id*. at __, 879 S.E.2d at 781, Syl. Pt. 5. Mr. Cavelli argues that he had no cervical symptoms prior to his compensable injury and his cervical symptoms have continuously manifested. However, the medical evidence indicates that Mr. Cavelli did not complain about cervical symptoms until over a year after his compensable injury. We find that Mr. Cavelli is not entitled to the presumption under *Moore* when a causal connection between the compensable injury and the cervical symptoms has not been established.

Here, the Board found that Mr. Cavelli did not complain about cervical pain until over a year after his compensable injury; however, it noted that Mr. Cavelli complained about lower back pain immediately following the injury. Further, the Board determined that there is no credible evidence to establish that Mr. Cavelli's cervical disc disorder with radiculopathy was causally related to his compensable injury. *See Martin v. Randolph Cnty. Bd. of Educ.*, 195 W. Va. 297, 306, 465 S.E.2d 399, 408 (1995) ("We cannot overlook the

3

role that credibility places in factual determinations, a matter reserved exclusively for the trier of fact. We must defer to the ALJ's credibility determinations and inferences from the evidence . . . .").

Upon review, we conclude that the Board was not clearly wrong in finding that Mr. Cavelli failed to establish that the requested diagnoses were causally related to his compensable workplace injury.

Finding no error in the Board's January 30, 2023, order, we affirm.

Affirmed.

**ISSUED:** June 15, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen